IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KAREN BABCOCK                                                              PLAINTIFF

v.                                    CIVIL NO. 11-3109

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Karen Babcock, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.   **Procedural Background:**

Plaintiff protectively filed her current application for DIB on March 12, 2009, alleging an inability to work since January 1, 2000, due to neuropathy, brittle type 1 diabetes-insulin dependent, peripheral vascular disease, retinopathy, nephropathy, cardiovascular disease, and depression. (Tr. 152). For DIB purposes, Plaintiff maintained insured status through December 31, 2003. (Tr. 14, 168). An administrative hearing was held on April 28, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 34-104).

By written decision dated August 3, 2010,[1] the ALJ determined that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe.[2] (Tr. 17, 646). Specifically, the ALJ found Plaintiff had the following severe impairments: insulin dependent diabetes mellitus with diabetic neuropathy and retinopathy, and depression. The ALJ found that from January 1, 2000, through February 9, 2004, Plaintiff was disabled within the meaning of the Act. (Tr. 14, 19-22, 646-650). The ALJ determined that on February 10, 2004, a medical improvement occurred that related to Plaintiff's ability to work, and that Plaintiff's disability ended. (Tr. 14, 22, 650). After reviewing all of the evidence presented, the ALJ determined that beginning on February 10, 2004, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found that on February 10, 2004, Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she can only occasionally balance, climb ramps and stairs, push/pull with her lower extremities, and cannot climb ladders, ropes, or scaffolds. Further, she is limited to work requiring no more than moderate exposure to extreme temperatures and exposure to airborne irritants, and no work requiring exposure to unprotected heights or unmanned moving machinery. Additionally, the claimant is limited to semi-skilled work where the complexity of tasks is learned by experience with several variables and judgment within limits, and where supervision required is little for routine but detailed for non-routine tasks.

---

[1] The Court notes that an amended ALJ decision dated September 7, 2010, was filed as a supplemental transcript by Defendant on May 30, 2012. (Doc. 7). The ALJ's amended decision was the same with the exception that the ALJ also addressed past due benefits. Plaintiff did not raise past due benefits in her appeal.

[2] The Court notes that ALJ utilized the eight-step evaluation process for determining continuing disability. It was not necessary to do so, however. When, in a single proceeding, the fact of disability, the extent of disability, and the duration of disability are all determined, the case is not a medical improvement case. Camp v. Heckler, 780 F.2d 721, 721-722 (8th Cir.1986). There is a distinction between termination of currently received benefits and determination of discrete period of disability. Id. at 722.

(Tr. 24, 652). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a clerk, a cashier II, and an assembler on February 10, 2004. (Tr. 28, 656-657)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after considering the additional evidence submitted denied that request on September 20, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.   Discussion:**

Plaintiff argues the following issues in this appeal: 1) the ALJ erred in determining that Plaintiff did not meet Listing 9.08(A); 2) the ALJ erred in not giving proper weight to Plaintiff's

treating physician; 3) the ALJ erred in making a RFC determination for the time period after February 9, 2004; and 4) the ALJ's decision is not supported by substantial evidence.

### A. Insured Status:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2003. Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

In the particular case, the ALJ found Plaintiff had a closed period of disability from January 1, 2000, her alleged onset date, through February 9, 2004, which is after Plaintiff's insured status had expired on December 31, 2003. The ALJ found Plaintiff experienced a medical improvement on February 10, 2004, that rendered Plaintiff able to perform sedentary work with limitations. Accordingly, the date in question is February 10, 2004, and whether there is substantial evidence to support the ALJ's determination.

### B. Listing 9.00 Endocrine Disorders:

Plaintiff argues that she met Listing 9.08(A) Diabetes mellitus[3] due to her history of severe and well-established diabetic neuropathy.

The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990).

---

[3] See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.08(A).

To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment").

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Therefore, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 9.08(A) during the relevant time period.

    **C.**    **The ALJ's RFC Determination and Treating Physician Opinion:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642,

646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records, and set forth the reasons for the weight given to the medical opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating

factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

Based on the record as a whole, the Court finds that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors; and that there is substantial evidence to support the ALJ's credibility findings.

### E.  Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a clerk, a cashier II, and an assembler during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### F.  Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is

necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See <u>Strongson v. Barnhart</u>, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 15th day of January, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE